SEALED

BENJAMIN B. WAGNER
United States Attorney
DOMINIQUE N. THOMAS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2891

FILED

OCT 20 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        Plaintiff,  v.  OLGA PALAMARCHUK, PYOTR BONDARUK, PETER KUZMENKO, and VERA ZHIRY,        Defendants. | CASE NO. 2:11-cr-450 GEB  VIOLATIONS: 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud; 18 U.S.C. § 1014 - Bank Fraud; 18 U.S.C. § 1957 - Engaging In Monetary Transactions In Criminally Derived Property (5 counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (a)(2) - Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud]

The Grand Jury charges:

OLGA PALAMARCHUK,
PYOTR BONDARUK,
PETER KUZMENKO, and
VERA ZHIRY,

defendants herein, as follows:

I. INTRODUCTION

At all times relevant to this indictment:

1

1.     1.   Defendant OLGA PALAMARCHUK resided in Rancho Cordova, California and was a loan officer for Capital Mortgage Lending Incorporated (hereinafter "CML"). CML was located in Gold River, California and operated as a mortgage loan company. Defendant OLGA PALAMARCHUK was the girlfriend of defendant PYOTR BONDARUK.

   2.   Defendant PYOTR BONDARUK resided in Sacramento, California and worked part-time for Golden Gate Auto Sales. Defendant PYOTR BONDARUK was a strawbuyer who purchased two properties and subsequently refinanced and obtained a Home Equity Line of Credit ("HELOC") on one of the properties. Both properties were located and purchased with the assistance of Defendant OLGA PALAMARCHUK.

   3.   Defendant PETER KUZMENKO, who was recently indicted in a similar mortgage fraud scheme charged in this district, was the owner of Pete's Pool Service. Pete's Pool Service was a business engaged in the cleaning and maintenance of swimming pools. Neither defendant PETER KUZMENKO nor Pete's Pool Service ever engaged in either pool construction or performing major pool repairs. Pete's Pool Service was used to receive money generated from the fraudulent scheme described herein.

   4.   Defendant VERA ZHIRY resided in the Sacramento, California area and was the niece of defendant OLGA PALAMARCHUK. Defendant VERA ZHIRY received and distributed money generated from the fraudulent scheme described herein.

   II.   CONSPIRACY TO COMMIT MAIL FRAUD

   5.   From no later than in or about September 2006 and continuing to at least in or about February 2007, in the State and Eastern District of California and elsewhere, defendants OLGA PALAMARCHUK, PYOTR BONDARUK, PETER KUZMENKO, and VERA ZHIRY did knowingly combine,

2

1  conspire, confederate, and agree with each other and with others
2  unknown to the Grand Jury to execute through the use of the mail a
3  material scheme and artifice to defraud, and to obtain money by means
4  of material false and fraudulent pretenses, representations and
5  promises, and omissions.

6      6. The object of the conspiracy was to obtain residential home
7  loans, a refinance of a home loan, and a HELOC from mortgage lenders
8  based upon false and fraudulent loan applications and supporting
9  documents in order for the defendants to obtain money for themselves
10 upon closing of the transactions.

11     7. Between in or about September 2006 and in or about February
12 2007, through various fraudulent acts set forth below, the defendants
13 caused the origination of more than ~~$2~~ $1.5 Am million in residential mortgage
14 loans. As a result of the defendants' actions, mortgage lenders and
15 others suffered losses of at least ~~$900,000~~ $465,000 Am.

16                 III. <u>MANNER AND MEANS</u>

17     8. It was part of the conspiracy that defendant OLGA
18 PALAMARCHUK solicited defendant PYOTR BONDARUK to (1) purchase a home
19 located at 7784 Hyde Park Circle in Antelope, California using 100%
20 financing loans; (2) refinance the original loans securing the 7784
21 Hyde Park Circle property; (3) obtain a HELOC secured by the 7784 Hyde
22 Park Circle property; and (4) purchase a home located at 7737 Megan
23 Ann Way in Antelope, California using 100% financing loans.

24     9. It was a further part of the conspiracy that, in order for
25 defendant PYOTR BONDARUK to qualify for these home loans, defendant
26 OLGA PALAMARCHUK prepared and submitted, or caused to be submitted,
27 fraudulent mortgage loan applications and supporting documents, which
28 falsely represented defendant PYOTR BONDARUK's employment, income, and

intent to occupy the property as his primary residence. Defendant PYOTR BONDARUK signed each of the fraudulent loan applications.

10. It was a further part of the conspiracy that defendant OLGA PALAMARCHUK attempted to disguise her involvement with these fraudulent loans by making it appear that another loan officer in her office had handled them.

11. It was a further part of the conspiracy that, in order to obtain additional proceeds from the fraudulent transactions pertaining to Hyde Park Circle, the defendants caused $32,378 of the seller's proceeds to be paid to defendant PETER KUZMENKO of Pete's Pool Service, for repairs and/or improvements for work never actually completed on the subject property. Defendant PETER KUZMENKO knew that Pete's Pool Service did not actually perform any work for the seller of the property. Rather, the payment to Pete's Pool Service was a means to siphon fraudulently inflated equity out of the subject property.

12. It was a further part of the conspiracy that, in order to obtain additional proceeds from the fraudulent transaction pertaining to 7737 Megan Ann Way, the defendants caused $100,000 of the seller's proceeds to be paid to defendant VERA ZHIRY, for payoff of a purported second mortgage loan securing the 7737 Megan Ann Way property. Defendant VERA ZHIRY knew that she never actually loaned the seller of the 7737 Megan Ann Way property any money, and that the $100,000 payment represented proceeds from a fraudulent real estate transaction. The payment to defendant VERA ZHIRY was a means to siphon fraudulently inflated equity out of the subject property.

## IV. OVERT ACTS

In furtherance of the conspiracy and to effect the objects

thereof, the defendants committed the following acts in the State and Eastern District of California and elsewhere:

13. In or about September 2006, defendant OLGA PALAMARCHUK recruited her boyfriend, defendant PYOTR BONDARUK, to act as a strawbuyer and submit fraudulent loan applications and supporting documents to Argent Mortgage Company, MortgageIt Incorporated, and Bank of America N.A. to purchase, refinance, and obtain a HELOC secured by the property located 7784 Hyde Park Circle, Antelope, California.

Purchase of 7784 Hyde Park Circle, Antelope, CA

14. On or about September 29, 2006, defendant PYOTR BONDARUK signed a California Residential Purchase Agreement and Joint Escrow Instructions to purchase the 7784 Hyde Park Circle property.

15. On or about September 29, 2006, defendant PYOTR BONDARUK wrote Alliance Title Company check number 1044 in the amount of $2,000 for the earnest money deposit needed to open escrow for the 7784 Hyde Park Circle property purchase.

16. On or about September 29, 2006, defendant OLGA PALAMARCHUK wrote defendant PYOTR BONDARUK check number 1103 in the amount of $25,000.

17. On or about September 29, 2006, defendant PYOTR BONDARUK deposited check number 1103 in the amount of $25,000 into his checking account held at Sacramento Credit Union.

18. On or about October 6, 2006, defendant PYOTR BONDARUK signed two Uniform Residential Loan Applications ("URLA") that were submitted to Argent Mortgage Company for the purchase of the 7784 Hyde Park Circle property. These URLAs contained materially false information as to, among other things, defendant PYOTR BONDARUK's employment,

income, and intent to occupy the property as his primary residence. The fraudulent URLA had been prepared by defendant OLGA PALAMARCHUK, who knew that the foregoing information was false.

19. On or about October 17, 2006, defendant PYOTR BONDARUK obtained official check number 4403864, drawn from defendant PYOTR BONDARUK's checking account held at Sacramento Credit Union, in the amount of $4,168.08 and made payable to Alliance Title.

20. On or about October 19, 2006, the defendants caused a deed of trust to be filed with the Sacramento County Recorder's Office for the 7784 Hyde Park Circle property.

21. On or about October 19, 2006, the defendants caused a wire in the amount of $32,378 to be sent from Alliance Title Company to the personal checking account of Peter Kuzmenko, held at Bank of America, N.A. These proceeds were for work purportedly performed by Pete's Pool Service at 7784 Hyde Park Circle.

22. On or about November 2, 2006, defendant OLGA PALAMARCHUK deposited into her personal checking account held at Bank of America, N.A. check number 1347 in the amount of $8,844, which represented her commission on the purchase of the 7784 Hyde Park Circle property.

Refinance of 7784 Hyde Park Circle, Antelope, CA

23. On or about November 30, 2006, defendant PYOTR BONDARUK signed a URLA submitted to MortgageIt, for a loan to refinance the current loan secured by the residence located at 7784 Hyde Park Circle. The application was materially false as to, among other things, defendant PYOTR BONDARUK's employment, income, and intent to occupy the property as his primary residence. The fraudulent application had been prepared by defendant OLGA PALAMARCHUK, who knew that the foregoing information was false.

24. On or about December 12, 2006, the defendants caused a deed of trust to be filed with the Sacramento County Recorder's Office for the 7784 Hyde Park Circle property.

25. On or about December 21, 2006, defendant OLGA PALAMARCHUK deposited into her personal checking account held at Bank of America, N.A. check number 15042 in the amount of $12,458.00 and check number 15043 in the amount of $6,417.60, which represented her commission on the refinance of the 7784 Hyde Park Circle property.

26. The defendants never made any mortgage payments on the original loan or the refinance of the 7784 Hyde Park Circle property.

HELOC secured by 7784 Hyde Park Circle, Antelope, CA

27. On or about January 5, 2007, defendant PYOTR BONDARUK applied for a $150,000 HELOC through Bank of America, N.A. secured by the 7784 Hyde Park Circle property. Defendant PYOTR BONDARUK provided to a Bank of America, N.A. representative materially false information as to, among other things, defendant PYOTR BONDARUK's employment and income.

28. On or about January 18, 2007, the defendants caused Bank of America, N.A. to approve a HELOC in the amount of $91,000 secured by the 7784 Hyde Park Circle property.

29. On or about February 2, 2007, the defendants caused a deed of trust to be filed with the Sacramento County Recorder's Office for the 7784 Hyde Park Circle property.

Purchase of 7737 Megan Ann Way, Antelope, CA

30. In or about September 2006, defendant OLGA PALAMARCHUK recruited her boyfriend, defendant PYOTR BONDARUK, to act as a strawbuyer and submit fraudulent loan applications and supporting documents to ResMae Mortgage Corporation to purchase the property located at 7737 Megan Ann Way in Antelope, California.

7

31.  On or about September 25, 2006, defendant PYOTR BONDARUK signed a California Residential Purchase Agreement and Joint Escrow Instructions to purchase the 7737 Megan Ann Way property.

32.  On or about October 5, 2006, defendant PYOTR BONDARUK wrote Alliance Title Company check number 1126 in the amount of $2,000 for the earnest money deposit needed to open escrow for the 7737 Megan Ann Way property purchase.

33.  On or about October 24, 2006, defendant PYOTR BONDARUK signed two URLAs submitted to ResMae Mortgage Corporation for the purchase of the 7737 Megan Ann Way property.  These URLAs contained materially false information as to, among other things, defendant PYOTR BONDARUK'S employment, income, and intent to occupy the property as his primary residence.  The URLAs also failed to disclose that defendant PYOTR BONDARUK had recently purchased the 7784 Hyde Park Circle property, a material omission.  The fraudulent application had been prepared by defendant OLGA PALAMARCHUK, who knew that the foregoing information was false.

34.  On or about October 26, 2006, the defendants caused a deed of trust to be filed with the Sacramento County Recorder's Office for the 7737 Megan Ann Way property.

35.  On or about October 27, 2006, the defendants caused a wire in the amount of $100,000 to be sent from Alliance Title Company to the bank account of defendant VERA ZHIRY.  These proceeds were to pay off a second mortgage purportedly held by defendant VERA ZHIRY on the 7737 Megan Ann Way property.

36.  On or about November 7, 2006, defendant OLGA PALAMARCHUK deposited into her personal checking account held at Bank of America, N.A. check number 1377 in the amount of $4,560.80, which represented

8

1 her commission on the purchase of the 7737 Megan Ann Way property.

## V. MAILINGS

37. On or about the dates listed below, for the purpose of executing the aforementioned conspiracy, and attempting to do so, defendants OLGA PALAMARCHUK, PYOTR BONDARUK, and others, did knowingly cause to be delivered by the United States Postal Service or commercial carrier the following matter:

| Date | Description | From | To |
| --- | --- | --- | --- |
| 10/19/06 | Deed of Trust for 7784 Hyde Park Circle (purchase) | Sacramento County Recorder's Office | Argent Mortgage Company |
| 12/12/06 | Deed of Trust for 7784 Hyde Park Circle (refinance) | Sacramento County Recorder's Office | MortgageIt Inc. |
| 02/02/07 | Deed of Trust for 7784 Hyde Park Circle (HELOC) | Sacramento County Recorder's Office | Bank of America, N.A. |
| 10/26/06 | Deed of Trust for 7737 Megan Ann Way | Sacramento County Recorder's Office | ResMae Mortgage Corp. |

All in violation of Title 18, United States Code, Section 1349.

COUNT TWO: [18 U.S.C. § 1014 - False Statement to a Bank]

The Grand Jury further charges T H A T:

> OLGA PALAMARCHUK, and
> PYOTR BONDARUK,

defendants herein, as follows:

1. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1, 2, 13 and 27 through 29 of Count One.

2. On or about January 5, 2007, in the State and Eastern

1  District of California and elsewhere, defendants OLGA PALAMARCHUK and
2  PYOTR BONDARUK knowingly made a material false statement for the
3  purpose of influencing the action of Bank of America N.A., a
4  federally-insured financial institution, in connection with an
5  application for a HELOC secured by the 7784 Hyde Park Circle property.
6  Defendant PYOTR BONDARUK provided to a Bank of America, N.A.
7  representative materially false information as to, among other things,
8  defendant PYOTR BONDARUK's employment and income.
9      All in violation of Title 18, United States Code, Sections 1014
10 and 2.

11 COUNTS THREE AND FOUR:   [18 U.S.C. § 1957 - Money Laundering]
12      The Grand Jury further charges: T H A T
13
14                         VERA ZHIRY,
15 defendant herein, on or about the dates set forth below, in the State and
16 Eastern District of California and elsewhere, did knowingly engage and
17 attempt to engage in a monetary transaction affecting interstate and
18 foreign commerce in criminally derived property of a value greater than
19 $10,000, as set forth below, such property having been derived from
20 specified unlawful activity, that is, conspiracy to commit mail fraud in
21 violation of Title 18, United States Code, Sections 1341 and 1349.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

| COUNT | DATE | AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| 3 | 10/30/2006 | $20,000 | Purchase of Bank of America, N.A., cashier's check number 414189296 from account number 1782X-XXXXX, held in the name of VERA ZHIRY made payable to I.I. |
| 4 | 10/30/2006 | $40,000 | Purchase of Bank of America, N.A., cashier's check number 414189296 from account number 1782X-XXXXX, held in the name of VERA ZHIRY made payable to Bank of America. |

All in violation of Title 18, United States Code, Section 1957.

COUNT FIVE:   [18 U.S.C. § 1957 - Money Laundering]

The Grand Jury further charges: T H A T

OLGA PALAMARCHUK,

defendant herein, on or about the date set forth below, in the State and Eastern District of California and elsewhere, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, as set forth below, such property having been derived from specified unlawful activity, that is, conspiracy to commit mail fraud in violation of Title 18, United States Code, Sections 1341 and 1349.

| COUNT | DATE | AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| 5 | 08/27/2007 | $36,500 | Defendant OLGA PALAMARCHUK withdrew $36,500 from Bank of America, N.A., account number 0580X-XXXX, held in the name of OLGA PALAMARCHUK. |

COUNTS SIX AND SEVEN:   [18 U.S.C. § 1957 - Money Laundering]

The Grand Jury further charges: T H A T

PYOTR BONDARUK,

defendant herein, on or about the dates set forth below, in the State and Eastern District of California and elsewhere, did knowingly engage and

attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, as set forth below, such property having been derived from specified unlawful activity, that is, conspiracy to commit mail fraud in violation of Title 18, United States Code, Sections 1341 and 1349.

| COUNT | DATE | AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| 6 | 03/27/2007 | $22,650 | Purchase of Bank of America, N.A., cashier's check number 416006096 from account number 6824XXXXXXXXX, held in the name of PYOTR BONDARUK made payable to [not legible] Auto Wholesale. |
| 7 | 03/28/2007 | $70,000 | Purchase of Bank of America, N.A., cashier's check number 414679888 from account number 6824XXXXXXXXX, held in the name of PYOTR BONDARUK made payable to Washington Mutual. |

All in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (a)(2) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in Counts One and Three of this Indictment, defendants OLGA PALAMARCHUK, PYOTR BONDARUK, and VERA ZHIRY shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to:

    a. A sum of money equal to the amount of proceeds obtained as a result of the offense, for which defendants are convicted.

2. Upon conviction of the offense alleged in Count Two of this Indictment, defendants OLGA PALAMARCHUK and PYOTR BONDARUK shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any

1 property which constitutes or is derived from proceeds obtained
2 directly or indirectly as a result of the said violation, including
3 but not limited to the following:
4     a.  A sum of money equal to the amount of proceeds obtained as a
5 result of the offense, for which defendants are convicted.
6     3.  Upon conviction of one or more of the offenses alleged in
7 Counts Four through Eight of this Indictment, defendants OLGA
8 PALAMARCHUK, PYOTR BONDARUK, and VERA ZHIRY shall forfeit to the
9 United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real
10 and personal, involved in such violations, and any property traceable
11 to such property, including but not limited to the following:
12     a.  A sum of money equal to the total amount of money
13 involved in the offense, for which defendants are convicted.
14     4.  If any property subject to forfeiture, as a result of the
15 offenses alleged in Counts One through Eight of this Indictment, for
16 which defendants are convicted:
17     (a) cannot be located upon the exercise of due diligence;
18     (b) has been transferred or sold to, or deposited with, a
19         third party;
20     (c) has been placed beyond the jurisdiction of the court;
21     (d) has been substantially diminished in value; or
22     (e) has been commingled with other property which cannot be
23         divided without difficulty;
24 it is the intent of the United States, pursuant to 18 U.S.C. §
25 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p),
26 / / /
27 / / /
28 / / /

1 | to seek forfeiture of any other property of said defendants up to the
2 | value of the property subject to forfeiture.

3                                                      A TRUE BILL.

4
5                                          /s/ Signature on file w/AUSA
6                                                   FOREPERSON
7   _____
    BENJAMIN B. WAGNER
8   United States Attorney

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

OLGA PALAMARCHUK,
PYOTR BONDARUK,
PETER KUZMENKO, and
VERA ZHIRY

## INDICTMENT

**VIOLATIONS:** 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud; 18 U.S.C. § 1014 - Bank Fraud; 18 U.S.C. § 1957 - Engaging In Monetary Transactions In Criminally Derived Property (5 counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (a)(2) - Criminal Forfeiture

*A true bill,*

_____/s/_____
                              *Foreman.*

*Filed in open court this* ___20___ *day*

*of* ___OCTOBER___, A.D. 20 _11_

_____
                              *Clerk.*

*Bail, $* _____ **NO BAIL WARRANT**

GREGORY G. HOLLOWS

GPO 863 525

US v. OLGA PALAMARCHUK, PYOTR BONDARUK,
PETER KUZMENKO, and VERA ZHIRY

## PENALTY SLIP

| | |
|---|---|
| **COUNT 1:** | OLGA PALAMARCHUK, PYOTR BONDARUK, PETER KUZMENKO, and VERA ZHIRY |
| **VIOLATION:** | 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud |
| **PENALTY:** | 20 Years Imprisonment, $250,000 Fine, or both; 3 Years TSR |
| **COUNT 2:** | OLGA PALAMARCHUK and PYOTR BONDARUK |
| **VIOLATION:** | 18 U.S.C. § 1014 - False Statements to a Bank |
| **PENALTY:** | 30 Years Imprisonment, $1,000,000 Fine, or both; 5 Years TSR |
| **COUNTS 3 & 4:** | VERA ZHIRY |
| **VIOLATION:** | 18 U.S.C. § 1957 - Money Laundering |
| **PENALTY:** | 10 Years Imprisonment, $250,000,000 Fine, or both; 3 Years TSR |
| **COUNT 5:** | OLGA PALAMARCHUK |
| **VIOLATION:** | 18 U.S.C. § 1957 - Money Laundering |
| **PENALTY:** | 10 Years Imprisonment, $250,000,000 Fine, or both; 3 Years TSR |
| **COUNTS 6 & 7:** | PYOTR BONDARUK |
| **VIOLATION:** | 18 U.S.C. § 1957 - Money Laundering |
| **PENALTY:** | 10 Years Imprisonment, $250,000,000 Fine, or both; 3 Years TSR |
| **FORFEITURE ALLEGATION:** | |
| **VIOLATION:** | 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) and (a)(2)- Criminal Forfeiture |
| **PENALTY:** | As Alleged in the Indictment |
| **SPECIAL ASSESSMENT:** | Mandatory $100 for each Count |